UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
MAR 17 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Victor Leji, )
        Plaintiff, )
        v. )
Department of Homeland Security *et al.*, )
        Defendants. )

Case: 1:15-cv-00387
Assigned To : Unassigned
Assign. Date : 3/17/2015
Description: Pro Se Gen. Civil (F Deck)

## MEMORANDUM OPINION

This matter is before the Court on review of Plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted. The case, however, will be dismissed pursuant to 28 U.S.C. § 1915(e), which requires the Court to dismiss a complaint upon a determination that it, among other grounds, is frivolous or fails to state a claim upon which relief can be granted.

Plaintiff is a resident of the District of Columbia suing the U.S. Department of Homeland Security and the U.S. Department of Justice. *See* Compl. Caption. Plaintiff introduces the prolix complaint as follows:

> For the past 15+ years, I was falsely accused as a terrorist or a spy by the [United States government] . . . [T]his persecution without a crime led me to report these abuses to the FBI, DHS, Police [departments], Mayors, and Congressmen. . . . I received no response from them, prompting me to petition United States District Courts for help . . . . In defaming my name, by subjecting me to 24/7 monitoring from anywhere I live to work, stores, gyms, libraries, and banks like a criminal, the contract of this operation was given to the Police Dept., from St. Louis, MO. To Nashville, TN. To Virginia Beach, VA and to Washington, D.C. I have been harassed and tracked in all these cities by US Police Forces, FBI Police, DHS Police, City Police, State Police, Taxicabs, Commercial Vehicles, and Private Citizens. I have worked 23



> months out of 8 years on my job, I was rejected discriminated and released unjustly by my employers based on what DHS/POLICE/KELLY has told them, that I am a criminal.

Compl. at 1. The complaint continues in this disjointed manner for 13 single-spaced pages. Plaintiff claims that he has "accumulated debts, including $40,000 in child support" and, because he has been homeless for "for the past 30 months," he has "lost over $300,000 in [] income, [and] my car and my properties were confiscated by DHS/POLICE." *Id.* Plaintiff wants this Court "to stop these abuses," to compel the release of his "confiscated properties," and to order compensation for "the lost wages, pains and sufferings that I have been through for the past 15+ years." *Id.*

The complaint presents the type of "fanciful" allegations warranting dismissal of the case under section 1915(e)(2)(B)(i) as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"—for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Furthermore, complaints that lack "an arguable basis in law and fact" are also subject to dismissal as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984).

The United States, moreover, is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text"). The Federal Tort Claims Act ("FTCA"), 28 U.S.C.

2

§§ 1346(b), 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). To the extent that the complaint presents a potential claim under the FTCA, jurisdiction is wanting because plaintiff has not alleged that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement, moreover, is jurisdictional. *See Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).[1]

Furthermore, the two agency letters attached to the complaint suggest that plaintiff may have requested an investigation of his claims. The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and such decisions generally are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *accord Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (citing cases); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) (same).

Although failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure is not a ground for dismissal under 28 U.S.C. § 1915(e), the Court notes that the complaint also fails to

---

[1] The Seventh Circuit has abandoned the position that the FTCA exhaustion requirement is jurisdictional, in light of recent Supreme Court decisions "press[ing] a stricter distinction between truly jurisdictional rules . . . and nonjurisdictional 'claim-processing rules.'" *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012); *see Smoke Shop, LLC v. U.S.*, 761 F.3d 779 (2014). The Court of Appeals in this Circuit, however, has not reexamined this issue.

satisfy that rule. Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The complaint's lengthy and often confusing factual allegations do not meet this standard.

For the foregoing reasons, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Randolph D. Moss
United States District Judge

Date: March 13, 2015